# 98 DTA 169

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ

INES M. BLAS GONZALEZ
Demandante-Peticionaria

v.

NICASIO AGRONT SANCHEZ
Demandado-Recurrido

Núm. KLCE-98-00379

San Juan, Puerto Rico, a 22 de abril de 1998

Panel integrado por su Presidente, Juez Rossy García
y los Jueces Martínez Torres y Rodríguez García

Rossy García Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El recurso instado en el caso de epígrafe interesa la revisión y revocación de una resolución interlocutoria emitida el 31 de marzo de 1998 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (Hon. Ramón E. Febus Bernardini, Juez). Mediante ésta dicho foro declaró sin lugar una moción presentada por la demandante-peticionaria, Inés M. Blas González, en solicitud de autorización para reabrir el descubrimiento de prueba. Por los fundamentos que pasamos a exponer, se deniega la expedición del auto solicitado.

I

El trámite procesal del caso que nos ocupa se remonta al 20 de agosto de 1996, fecha en que Inés M. Blas González, demandante-peticionaria, presentó demanda de división de bienes gananciales contra su ex-esposo, Nicasio Agront Sánchez. Debidamente emplazado el demandado-recurrido, la peticionaria inició el descubrimiento de prueba mediante la remisión de un *"Interrogatorio y/o*

*Requerimiento de Admisiones"*, los que fueron notificados el 31 de octubre de 1996. Por su parte, el aquí recurrido presentó su contestación a la demanda el 4 de noviembre de 1996. Posteriormente, y luego de mediar orden del tribunal de instancia, contestó los mismos. ■

Notificadas como fueron dichas contestaciones, el 23 de enero de 1997 la peticionaria procedió a notificar un segundo pliego de interrogatorios. En este estado de los procedimientos, el foro de instancia procedió a ordenar un señalamiento de vista para discutir el estado de los procedimientos para el 16 de mayo de 1997. En ocasión de dicha vista y no habiéndose contestado el segundo pliego de interrogatorios, el foro de instancia le concedió al recurrido un término de veinte (20) días para contestar los mismos. Le ordenó, además, notificar copia de unos documentos que le habían sido requeridos y que no habían sido por éste suministrados. Habiendo así dispuesto, procedió el foro de instancia a pautar la deposición del demandado-recurrido para el 10 de junio de 1997. Dispuso, además, un señalamiento de igual naturaleza para el 8 de septiembre de 1997.

En este estado de los procedimientos y con fecha 11 de junio de 1997, el demandado-recurrido presentó moción peticionando la imposición de una fianza de no residente a la demandante. A tales efectos, invocó la Regla 69.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 69 5, solicitud que fue acogida con aprobación por el foro de instancia.

El 8 de septiembre de 1997, fecha asignada para la vista de seguimiento, el foro de instancia se reiteró en su dictamen previo requiriendo la prestación de una fianza de no residente y, ante la realidad de que ésta no había sido prestada dispuso la paralización de los procedimientos.

Procedió así a concederle a la demandante hasta el 20 de septiembre de 1997 para prestar la misma. ■ Surge de los autos que luego de una serie de incidentes procesales, la fianza fue finalmente prestada a satisfacción del tribunal el 31 de octubre de 1997, procediendo dicho foro a autorizar la continuación del trámite procesal. ■

Con estos antecedentes, y luego de incidentes y trámites procesales adicionales, procedió el foro de instancia a la celebración de la conferencia con antelación a juicio, la que había sido previamente pautada para el 16 de enero de 1998. En dicha ocasión, y en lo que nos resulta pertinente, el foro de instancia ordenó a las partes que procedieran a reunirse el 24 de enero de 1998 en la oficina de la representación legal de la demandante-peticionaria *"para que terminen con todo el descubrimiento de prueba y las deposiciones"*. Los instruyó para que ese día *"continúen hasta que terminen todo"*. De otra parte, denegó en dicha ocasión una solicitud de la demandante a los fines de que se le permitiera tomar deposiciones adicionales, limitando la deposición pendiente a aquélla del demandado-recurrido. ■ Habiendo así dado por concluido el trámite de descubrimiento de prueba, procedió el tribunal a señalar la vista en su fondo para el 23 de abril de 1998.

Surge de los autos que el día ordenado para la deposición del demandado-recurrido, 24 de enero de 1998, se procedió a la misma, suscitándose una controversia entre los abogados al mediar objeciones por parte de la representación legal del demandado en relación con una serie de preguntas que fueron formuladas. A base de ello, la peticionaria procedió a presentar nueva moción, ésta fechada 24 de marzo de 1998, es decir, casi dos meses luego de haberse suscitado dicho incidente, solicitando ahora autorización para deponer nuevamente al demandado-recurrido. Peticionó, además, se le permitiera incluir un nuevo testigo, a saber, el C.P.A. Cesáreo Bonilla Medina. Considerada como fue dicha moción a la luz del trámite habido en el caso y la proximidad de la vista en su fondo ordenada, el foro de instancia emitió el dictamen ahora recurrido, declarándola No Ha Lugar.

Inconforme con dicho dictamen, acude ante nos la demandante-peticionaria, con la presentación oportuna del recurso que nos ocupa. En el mismo imputa, como único fundamento de revocación, que erró el Tribunal de Primera Instancia al dar por terminado el descubrimiento de prueba y no permitir reabrir el mismo.

Resolvemos que no abusó de su discreción el foro de instancia al así dictaminar, por lo que no existe fundamento meritorio alguno para expedir el auto solicitado para intervenir con tal ejercicio legítimo de discreción.

## II

Impera en nuestro ordenamiento procesal civil un esquema de descubrimiento de prueba extrajudicial, cuyo trámite queda en manos de los abogados, ello con el propósito de *"fomentar una mayor flexibilidad y cooperación entre las partes, y minimizar la intervención de los tribunales en esta etapa del proceso"*. *Aponte Rivera v. Sears Roebuck de P.R., Inc.*, 130 D.P.R. ___ (1992), **92 J.T.S. 23**, págs. 9270-9271; *Medina Morales v. Merck, Sharp & Dohme Química de P. R., Inc.*, 137 D.P.R. ___ (1994), **94 J.T.S. 52**, pág. 11787; *Lluch v. España Service Sta..*, 117 D.P.R. 729, 743 (1986).

En cuanto al término para realizar el descubrimiento de prueba, la Regla 23.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.4, establece que:

*"Las partes concluirán las gestiones relacionadas con el descubrimiento de prueba dentro del término de sesenta (60) días siguientes a la notificación de la contestación a la demanda, reconvención, demanda contra tercero y demanda contra coparte. El Tribunal tendrá facultad para prorrogar o acortar dicho término según las circunstancias del caso lo ameriten y garanticen una pronta solución de la controversia."*

El plazo dispuesto por el precepto antes transcrito no es de caducidad ni jurisdiccional, sino directivo. Véase *Lluch v. España Service Sta., supra*, pág. 742.

Se pretende con este término compeler a las partes y a sus abogados a actuar con mayor diligencia y rapidez, evitando así atrasos innecesarios en los procedimientos, ya sean éstos intencionales o el resultado de descuido o insolencia. José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña;* **Publicaciones J.T.S.**, Vol. II, Análisis Editorial, a la pág. 134. Evidente resulta, pues, la amplia discreción que tiene el foro de instancia para extender o acortar el término para realizar el descubrimiento de prueba, según las circunstancias particulares de cada caso. En todo caso, tal ejercicio de discreción debe estar orientado hacia la consecución del objetivo fundamental de nuestro sistema procesal, a saber, lograr una solución justa, rápida y económica de la controversia. *Lluch v. España Service Sta., supra*. De otra parte, al ejercer los foros de instancia su discreción de prolongar o acortar el término para realizar el descubrimiento de prueba, deberán hacer un balance entre dos intereses de gran importancia para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial: de una parte, deberá garantizar la pronta solución de las controversias y, de otra, velar porque las partes tengan la oportunidad de llevar a cabo un amplio descubrimiento de forma tal que en la vista en su fondo no surjan sorpresas. *Id.*, a las págs. 742-743.

Al examinar la situación particular del caso que nos ocupa a la luz de los principios antes reseñados, evidente resulta que no abusó el foro de instancia al denegar la solicitud de la parte peticionaria para permitirle reabrir el descubrimiento de prueba. En primer lugar, ello hubiera conllevado la suspensión de la vista en su fondo del caso previamente señalada con la anuencia de las partes en ocasión de la conferencia con antelación a juicio. De otra parte, se trata de un caso sobre liquidación de gananciales, el que salvo casos excepcionales, no conlleva mayores complejidades por la propia naturaleza de la acción. Observamos así que el trámite refleja extrema liberalidad por parte del foro de instancia al permitir la extensión del descubrimiento de prueba por un año cinco meses luego de la presentación de la demanda. En tales circunstancias, la moción presentada por la peticionaria el 24 de marzo de 1998 y que dio base al dictamen recurrido tendría como único efecto el aplazamiento de la vista en su fondo previamente señalada, demorando así la pronta dilucidación de la controversia entre las partes. No abusó pues el foro de instancia al denegar dicha moción.

A la luz de lo antes expuesto, resulta procedente denegar la expedición del auto solicitado, ello en ausencia de proceder arbitrario, abuso de discreción o error manifiesto por parte del foro de instancia.

## III

Por los fundamentos antes expuestos, se deniega la expedición del recurso de *certiorari* solicitado en el caso de epígrafe.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Notifíquese vía facsímil y por la vía ordinaria.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 98 DTA 169**

**1.** Véase Contestación a Interrogatorios y/o Requerimiento de Admisiones, Apéndice del Recurso, a la pág. 14.

**2.** Véase la Minuta de la Conferencia sobre el Estado de los Procedimientos, Apéndice del Recurso, a la pág. 22.

**3.** Véase Orden de 31 de octubre de 1997, Apéndice del Recurso a la pág. 35.

**4.** Véase Minuta correspondiente a la vista efectuada el 16 de enero de 1998, Apéndice del Recurso, a la pág. 41.